The opinion of the Court was delivered by
Withebs, J.
The question is whether certain gas chandeliers and a pendant gas burner, attached by screws to a small pipe, (that conveyed gas into the dwelling house,) and which could be detached without any escape of gas, or injury to the pipe or any part of the building, passed by a conveyance of the freehold, sold under a mortgage by the Commissioner in Equity, as between the purchaser of the premises and the sheriff who represented the execution creditors of the mortgagor.
So various are the considerations which enter into the interpretation of the law of fixtures, dictating varying and opposite conclusions as to the same or like articles, which may become the subject of controversy, that an adjudicated case may fail to be any authority, where the subject matter of contest may be the same, as the particular case must be considered with reference to the relation of parties, as whether they be landlord and tenant; heir, devisee or revfersioner, and executor of deceased tenant; vendor and vendee ; manufacturer, artizan, agriculturist, farmer, and so forth. So likewise have the cases in the books adverted even to such considerations as custom, intention, ornament, convenience, and so forth. In Buckland vs. Butterfield, 9 E. C. L. R. Dallas, C. J., said, “few decisions can be considered.absolute authorities in other instances' even of fixtures of a similar denomination. Every case of the sort must depend upon its own special and peculiar circumstances.” In our own deci *138 sions, as well as those of English Courts, the rule upon this subject laid down for heir and executor, is allowed to apply to vendor and vendee; mortgagor and mortgagee; and (say A. & Eer. on Fixtures, p. 114, (m, 152,) “there apjsears to be more uncertainty in the doctrine of fixtures, as it applies to the case of heir and executor, than to that of any other class of persons.” In early times, the executor contended with the heir at disadvantage, and such was the temper of the Courts so late as the time of Bacon’s Abridgment. The rigor applied to the executor has been relaxed, however, but still, perhaps, mainly upon that clear modern rule which favors a tradesman and his representative.
The elementary idea is, that the article claimed as part of the freehold must be in some way, fixed in the soil or part and parcel of that which is. “Soloinfixum,” are the words of Lord Brougham, in Fisher vs. Dixon, before the House of Lords; Vide, A. & Eer. p. 168, marg. Now the articles embraced by this case seem to want this necessary condition to make them fixtures. The ease or difficulty with which an article may be detached may not be a satisfactory criterion, and it is not; but the effect of its detachment upon itself or some portion of what is the realty or part and parcel of it, is a matter that enters into the question. As to this consideration the defendant has the advantage in the present case, for admitting the gas pipe to be part of the realty purchased, the removal of the chandeliers and the pendant gas burner did not disorder that pipe, did not mutilate it as a conduit, did not diminish or waste any gas, nor were the articles detached less perfect. Then these chandeliers, &c., were not necessary to the enjoyment of the freehold, for the use of the gas itself does not deserve to rank in that category. It is much more matter of convenience than of necessity, or even serious importance. A fortiori, may this be said of the mere terminating joints, as it were, of the gas pipe; things including the exercise of taste and ornament; withdrawn and replaced at *139 pleasure; substituted by others affording more or less light, as economy or the reverse, or convenience, may dictate. Surely such a case as this cannot stand upon the foundation that supports the case of the Salt-pans, upon an estate devoted to salt-making by the owner, (Lawton, Exor. vs. Salmon, 1 H. Blac. 260, notes) and our case as to a Cotton Gin, (Fairis vs. Walker, 1 Bail. 540;) in both which cases (which are only examples of many others,) the controlling idea was, that the full and free enjoyment of freehold conveyed, and destined to definite uses, implied the necessary use of the articles then in question, and their great importance to the obvious purposes of a purchaser.
It will be found by examination of English cases, all of them not between landlord and tenant,- that the courts have sanctioned the removal of hangings, tapestry, pier-glasses, nailed to the walls or pannels of the house; and Lord Hard-wicke introduced into the class of removable articles even ornamental chimney-pieces, and wooden cornices were classed with them. So also marble-slabs, window-blinds, wainscot fixed to the walls by screws, and the like; premising always, that the articles were not part of the fabric of the house, and the removal would not materially impair the freehold; for such consequences would prohibit the removal of even ornamental structures: Vide, A. & Eer. App. 341, marg. It is probable that such rules would be much restricted in our times; and -they have been shaken, to some extent, in England; for, every where, the question must be affected by the great changes which occur in the manner of using the domicil, and (as has been already said) custom has not been excluded from consideration.
We think that in England'the rule applied to heir and executor would permit the removal by vendor, or sale by sheriff on execution against him, of the articles now in question. That rule, we may remeiuber, has been attended, if not generated, by a maxim of jurisprudence more English than *140 American, to wit, that in questions between heir and executor, the heir and the real estate are to be preferred; and further, that the inheritance shall never be suffered to descend to the heir prejudiced or imperfect. Our dealings with real estate, in this jurisdiction, have very much eviscerated the strength of such maxims, and with us the interest of the heir and the executor is much less in conflict, if it be not identical.
We forbear a discussion and decision upon the right of the plaintiff to maintain trespass; for the facts in relation to his possession are not clear and the law, upon the point considered is such as to enable and require us to adjudge that the motion be dismissed; and it is ordered accordingly.
O’Neall, Warelaw, WhitNer, Glover, and Munro, JJ., concurred.

Motion dismissed.